IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,752

In the Matter of DAVID A. HARDY,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed March 25, 2016. Two-year suspension.

*Michael R. Serra*, Deputy Disciplinary Administrator, argued the cause, and *Kimberly L. Knoll*, Deputy Disciplinary Administrator, and *Stanton A. Hazlett*, Disciplinary Administrator, were on the formal complaint for the petitioner.

*John J. Ambrosio*, of Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause, and *David A. Hardy*, respondent, argued the cause pro se.

*Per Curiam*:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, David A. Hardy, of Overland Park, an attorney admitted to the practice of law in Kansas in 2009.

On July 2, 2015, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on July 13, 2015. On August 6, 2015, respondent entered into a joint stipulation of facts. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on August 6, 2015, where the respondent was personally present and was represented by counsel. The hearing panel determined that respondent violated KRPC 8.4(b) (2015 Kan. Ct. R. Annot. 672) (commission of a criminal act reflecting adversely on the lawyer's honesty,

1

trustworthiness, or fitness as a lawyer) and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"8.      Prior to his admission to the practice of law in Kansas, the respondent was twice convicted of driving under the influence of alcohol. The respondent's first conviction came in 2001 and his second conviction occurred in 2003.

"9.      On July 22, 2012, the respondent was arrested for driving under the influence of alcohol for the third time. Thereafter, on August 21, 2013, the respondent was charged with felony driving under the influence of alcohol. On September 4, 2013, the respondent self-reported the charge to the disciplinary administrator.

"10.      On October 3, 2014, the respondent entered a plea of guilty to the charge of felony driving under the influence of alcohol. On October 8, 2014, the respondent informed the disciplinary administrator of his felony conviction.

"11.      On December 5, 2014, the court sentenced the respondent to serve 1 year in jail. The court ordered the respondent to serve 48 hours in jail. After the respondent served the 48 hours in jail, the court granted the respondent's request for house arrest. The respondent remained on house arrest for 2,160 hours. During the period of house arrest, the respondent was permitted to work. Additionally, the court also sentenced the respondent to serve 12 months' post-incarceration supervision. The respondent will remain under supervision until March 2016. Additionally, once the respondent's driver's license is restored, he will be required to have an interlock device installed on his car until 2018.

"12.     On January 7, 2015, the disciplinary administrator filed a motion for temporary suspension, under Rule 203 (2014 Kan. Ct. R. Annot. 306). That same day, the Supreme Court granted the motion and issued an order temporarily suspending the respondent's license to practice of law.

"13.     On February 24, 2015, the Missouri Supreme Court entered an order of indefinite suspension. The respondent is eligible to apply for reinstatement in Missouri on August 24, 2015.

"*Conclusions of Law*

"14.     Based upon the parties' written stipulation and the above findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 8.4(b) and KRPC 8.4(g), as detailed below.

"KRPC 8.4(b)

"15.     'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the respondent was convicted of driving under the influence of alcohol, a felony (third conviction). The conviction adversely reflects on the respondent's fitness as a lawyer. Accordingly, the hearing panel concludes that the respondent violated KRPC 8.4(b).

"KRPC 8.4(g)

"16.     'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in conduct that adversely reflects on his fitness to practice law when he operated his car under the influence of alcohol and was convicted for a third time. The hearing panel concludes that the respondent violated KRPC 8.4(g).

3

"17.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"18.     *Duty Violated*. The respondent violated his duty to the public to maintain his personal integrity.

"19.     *Mental State*. The respondent knowingly violated his duty.

"20.     *Injury*. As a result of the respondent's misconduct, the respondent caused actual injury to the legal profession.

"Aggravating and Mitigating Factors

"21.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factor present:

"22.     *Illegal Conduct*. The respondent engaged in illegal conduct by operating his vehicle while under the influence of alcohol for a third time.

"23.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"24.     *Absence of a Prior Disciplinary Record*. The respondent has not previously been disciplined.

"25.     *Absence of a Dishonest or Selfish Motive*. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"26.     *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct*. The respondent suffers from alcoholism. It is clear that the respondent's alcoholism contributed to the misconduct.

"27.     *Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct*. The respondent sought and obtained appropriate treatment to rectify the situation.

"28.     *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The respondent self-reported the misconduct and fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations.

"29.     *Mental Disability or Chemical Dependency Including Alcoholism or Drug Abuse.* The respondent presented evidence that he is an alcoholic, that his alcoholism caused the misconduct, that the respondent has had a meaningful and sustained period of successful rehabilitation, and that the recovery has arrested the misconduct and recurrence of that misconduct is unlikely. The respondent' recovery is a significant mitigating factor in this case.

"30.     *Imposition of Other Penalties or Sanctions*. The respondent has experienced other sanctions for his conduct. The respondent was incarcerated for 48 hours and served 2,160 hours of house arrest. The respondent continues to serve post-release supervision. The respondent has submitted to more rigorous testing than required. The respondent has submitted to random hair follicle tests which have established that the respondent has not violated the terms of his release. Additionally, when the respondent is able to drive again, he will be subject to an interlock device on his vehicle.

5

"31.    *Remorse*. At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"32.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'5.12    Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

'7.2    Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"33.    The disciplinary administrator recommended that the respondent's license to practice law be suspended for a period of 2 years. Additionally, the disciplinary administrator recommended that the suspension be made retroactive to January 7, 2015, the date the Court entered the order of temporary suspension. The respondent joined in the disciplinary administrator's recommendation for a 2 year suspension, retroactive to the effective date of the temporary suspension.

"34.    The hearing panel concurs with the recommendation of the parties. Accordingly, based upon the parties' stipulation, the findings of fact, the conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be suspended for a period of 2 years. Further, the hearing panel recommends that the respondent's suspension be made retroactive to January 7, 2015, the date of the temporary suspension order entered in this case.

6

"35.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties to determine (1) whether violations of KRPC exist and, (2) if they do, the appropriate measure of discipline. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2015 Kan. Ct. R. Annot. 350). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent received adequate notice of the formal complaint, to which he filed an answer, and adequate notice of both the hearing before the panel and the hearing before this court. He filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2015 Kan. Ct. R. Annot. 369).

The evidence before the hearing panel establishes the charged misconduct in violation of KRPC 8.4(b) (2015 Kan. Ct. R. Annot. 672) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the panel hearing, at which the respondent appeared, the office of the

7

Disciplinary Administrator asked us to adopt the hearing panel's recommendation that respondent be suspended from the practice of law for a period of 2 years and that the suspension be made retroactive to January 7, 2015, the date of the temporary suspension order entered in this case. Respondent agreed.

Based on the findings of fact, conclusions of law, the ABA standards listed above, and the mitigating circumstances present in this case, the court adopts the recommendations of the hearing panel that a 2-year suspension is appropriate. Because his license to practice law was suspended on January 7, 2015, and in consideration of the remedial actions he has taken since that date, it is appropriate that the order of suspension be retroactive to that date.

We, therefore, unanimously accept the hearing panel's recommendation

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that David A. Hardy be suspended from the practice of law in the state of Kansas for a period of 2 years to be effective from January 7, 2015, which was the date of his temporary suspension, in accordance with Supreme Court Rule 203(a)(2) (2015 Kan. Ct. R. Annot. 293).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2015 Kan. Ct. R. Annot. 401). A reinstatement hearing will not be required, but respondent must comply with the requirements of Supreme Court Rule 219 (b) and (c) (2015 Kan. Ct. R. Annot. 403).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.